IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL A. BELL, SR., : | |
| : | |
| Petitioner, : | |
| : | **CIVIL ACTION NO. 3:04-927** |
| vs. : | |
| : | (JUDGE NEALON) |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE : | (MAGISTRATE JUDGE MANNION) |
| : | |
| Respondent : | |

**MEMORANDUM and ORDER**

On April 28, 2004, Petitioner, an inmate currently incarcerated at the Pennsylvania State Correctional Institution at Dallas ("SCI-Dallas"), Dallas, Pennsylvania, filed the a pro se petition pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner alleged that the Pennsylvania Board of Probation and Parole ("Board") violated the *ex post facto* clause of the United States Constitution by changing its policies and procedures in such a way as to apply unconstitutionally stringent standards for granting parole. On June 16, 2004 respondent filed a response (Doc. 10) to which petitioner filed a reply. (Doc. 11). The court reviewed these pleadings and determined that the petitioner was attempting to state a Fifth Amendment claim in addition to his *ex post facto* claim. Accordingly the respondent was ordered to file a

supplemental response to address the possible Fifth Amendment challenge.  The respondent filed a supplemental response on May 2, 2005 (Doc. 20), and the petitioner field a reply to the supplemental response on May 12, 2005.  (Doc. 21).

On June 9, 2005, United States Magistrate Judge Malachy E. Mannion issued a Report in which he recommended that the habeas corpus petition be denied.  (Doc. 22). Petitioner filed objections to the Report & Recommendation on June 20, 2005.  (Doc. 25). Respondent field a Brief in Opposition to Petitioner's Objections on July 8, 2005.  (Doc. 27). The matter is now ripe for resolution.  For the reasons stated below, the court will adopt the Report and Recommendation.

**Background**

On August 7, 1990, Petitioner was convicted in Philadelphia County of statutory rape of his step child.  Petitioner was sentenced on May 30, 1993, to an eight (8) to twenty (20) year term of incarceration.  The minimum release date for his offense was May 30, 2001 and the maximum release date is May 30, 2013.  (Doc. 10, Attachments, unpaginated). Petitioner was previously convicted of first degree murder and was serving a life sentence, later commuted to a minimum term of sixteen (16) years, from which he was paroled in 1978. Petitioner filed a post conviction petition claiming ineffective assistance of counsel and prosecutorial misconduct stemming from his rape conviction. This petition was deemed untimely.  Petitioner also claims that he has filed a timely challenge to his sentence and is now awaiting the Pennsylvania Supreme Court's decision on that challenge.  (Doc. 21, p.6).

Petitioner was first denied parole in April 2001 and was apparently denied parole on numerous other occasions. Only the parole denial of April 12, 2004 is being challenged in the instant habeas corpus petition. (Doc. No. 1, pp.1-2).

The Department of Corrections ("DOC") has a policy which results in the denial of parole to inmates who have been convicted of sex crimes and who refuse to participate in a sex offender prescriptive program. In order to participate in the program the inmate must admit guilt for his sexual offense. Petitioner claims that this policy violates his Fifth Amendment right against self-incrimination. He further claims that he is repeatedly retaliated against by the denial of parole since he refuses to admit guilt. Petitioner finally argues that the Parole Board's application of the 1996 amendments to parole laws, as well as new parole policies regarding sexual offenders instituted in 2000, codified at 42 Pa. C.S.A. § 9718.1, have mandated, in his case, an increase in punishment which violates the *ex post facto* clause. Petitioner maintains that he has completed all prescriptive sex offender programs which are available to him as a "denier", i.e., an inmate who refuses to admit guilt.

Respondent alleges that the petition should be dismissed because petitioner has failed to exhaust state court remedies. Alternatively, the respondent argues that the petition should be denied because there was no violation of the *ex post facto* clause since: (1) petitioner's punishment has not been increased by Board action; (2) petitioner's lack of participation in the sex offender program was only one factor considered in denying parole and it was rationally related to legitimate penological objectives; and (3) parole was denied within the Board's discretion. In it supplemental response, respondent again asserts that

3

petitioner did not exhaust his state court remedies and that he does not have a valid Fifth Amendment.

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)( c)), the court must make a *de novo* consideration of those portions of the report which have been objected to. *See* Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §636(b)(1); Local Rule 72.31. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Respondent has objected to the following: (1) the Magistrate Judge's conclusion that the Board's retroactive application of 42 Pa. C.S.A. § 9718.1 did not violate the *ex post facto* clause; (2) The Magistrate Judge's conclusion that the Board's retroactive application of 61 Pa. C.S.A. §331.1 did not violate the *ex post facto* clause; (3) the Magistrate Judge's failure to acknowledge facts supporting petitioner's claim that parole was withheld solely because of his refusal to admit guilt; (4) the Magistrate Judge's finding that the consequences of refusing to admit guilt do not rise to the level of a Fifth Amendment violation; (5) the Magistrate Judge's decision that participation in the sex offender program is voluntary; and (6) the Magistrate Judge's holding that petitioner cannot prevail on a

retaliation claim since his refusal to admit guilt is not constitutionally protected.

### *(1) Ex Post Fact Claims*

Article 1, Section 9, Clause 3 of the United States Constitution prevents Congress from passing *ex post facto* laws. A violation of this *ex post facto* clause arises when a new law: (1) punishes as a crime an act previously committed which was not a crime at the time of commission; (2) makes the punishment for a crime more burdensome after its commission; or (3) deprives a person who has been charged with a crime of a defense which was available at the time of commission. Collins v. Youngblood, 497 U.S. 37, 42 (1990). In the instant case, therefore, the actions of the Parole Board in applying §9718.1 and/or §331.1 only violate the *ex post facto* clause if they increase petitioner's punishment, either actually or potentially. Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

Petitioner was sentenced to a minimum of eight (8) years and a maximum of (20) twenty years. The expiration date of his maximum term is May 30, 2013. (Doc. 10-1). Presently no time has been added to the Petitioner's sentence even though he has been denied parole. Further, the Magistrate Judge thoroughly examined the possible application of Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003) *cert. denied sub. nom.* Gillis v. Hollawell, 540 U.S. 875 (2003), to the petitioner's particular set of circumstances. The Court in Mickens-Thomas held that the 1996 amendments did not require the Board to place an increased significance on public safety when considering parole but rather just directed the Board to consider, as it traditionally had, public safety as a factor in determining parole. Petitioner's denial of parole occurred after the Mickens-Thomas holding at which point the

5

Board was fully aware of how to apply the 1996 amendments.  Further, the Board specifically indicated that petitioner was denied parole because of:  (1) his refusal to accept responsibility for his rape conviction; (2) his inability to obtain a favorable recommendation from the Department of Corrections staff; (3) his failure to complete institutional programs; and (4) his potential threat to the public safety.  (Doc. 1, Ex. "A").

Petitioner's argument that he was wrongly denied parole in light of his good record and completion of all prescriptive programs available for "deniers" is not persuasive.  While petitioner's good behavior is certainly admirable and to be commended, the Board offered valid reasons for denying parole, including, but not limited to, petitioner's refusal to accept responsibility for his actions.

Since the Board's denial of parole did not result in an increased punishment and since the Board did not improperly place increased significance on public safety in rendering its decision, petitioner's *ex post facto* arguments are meritless and the findings of the Magistrate Judge will be adopted.

### *(2) Fifth Amendment Claims*

It must first be noted that the petitioner does not object to the Magistrate Judge's conclusion that petitioner failed to seek state judicial review of his Fifth Amendment claim.  Therefore, the Fifth Amendment claim was properly dismissed for failure to exhaust state court remedies.

Nonetheless, since the petitioner has objected to the Magistrate Judge's substantive analysis of this claim, a review will be undertaken.  Petitioner specifically contends that the

Magistrate Judge (1) erred in his determination that the Board's refusal to grant parole until petitioner admits guilt is not "compulsion" required for a 5th Amendment claim; (2) erred in deciding that the program is voluntary; and (3) erred by refusing to grant relief when the evidence clearly established that the Board retaliated against petitioner since he refused to "admit guilt for the rape he had been convicted of." (Doc. 25).

It is a constitutional violation for a criminal defendant's penalty to be increased based upon his exercise of his Fifth Amendment rights, however a denial of parole caries no such violation. U.S. v. Warren, 338 F.3d 258, 264 (3d Cir. 2003). Petitioner's refusal to admit guilt and his resulting failure to complete a rehabilitative program neither extended his sentence nor denied him of the right to be considered for parole. *See* Thorpe v. Grillo, 2003 WL 22477890, \*3 (3d Cir. 2003). A convicted person has no constitutional or inherent right to be conditionally released from prison prior to the expiration of a valid sentence. Artway v. Pallone, 672 F.2d 1168, 1180 (3d Cir. 1982) *citing* Greenholtz v. Inmates of Neb. Penal. & Corr. Complex, 452 U.S. 1 (1979). The Third Circuit Court of Appeals has held that conditioning admission into a pre-release program upon an admission of guilt does not amount to a compulsion since any such program is voluntary and since parole is a benefit and not a right. Forsythe v. Walters, 38 Fed. Appx. 734, 736 (3d Cir. 2002).

Petitioner's objection regarding the voluntariness of the program is of no import. The determination to be rendered in addressing a Fifth Amendment claim is whether the consequences of refusing to admit guilt result in compulsion. Assuredly, the petitioner finds himself in a less than desirable situation but this position has resulted from his own choice.

As discussed, a prisoner has no constitutional right to early release or parole.  Since there is no such constitutional right, petitioner can not successfully contend that he is being forced, in violation of the Fifth Amendment, to admit guilt and complete the program, in order to receive a right which is justly his.  Even if the program were mandatory, the Supreme Court has held that requiring admission of guilt in sex crime cases as a condition of parole is permissible.  McKune v. Lile, 539 U.S. 24 (2002).

Petitioner finally argues that the Board retaliated against him by denying parole.  Without doubt, the Board denied petitioner parole because, among other things, he refused to accept responsibility for his actions.  The Board did not extend petitioner's sentence nor did it subject him to harsher conditions as part of his sentence.  It simply denied his parole based upon factors which were rightly before it.  There can be no retaliation when petitioner has not been denied something to which he would otherwise be entitled.

**Conclusion**

The court finds the Report and Recommendation well-reasoned and legally sound.  After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation. An appropriate order follows.


Date: July 21, 2005              s/ William J. Nealon
                                 United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DARYL A. BELL, SR., : | |
| : | |
| Petitioner, : | |
| : | **CIVIL ACTION NO. 3:04-927** |
| vs. : | |
| : | (JUDGE NEALON) |
| PENNSYLVANIA BOARD OF : | (MAGISTRATE JUDGE MANNION) |
| PROBATION AND PAROLE : | |
| : | |
| Respondent : | |

## **ORDER**

ACCORDINGLY, THIS 21st DAY OF JULY 2005, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 22) is ADOPTED;

2. The Petition for writ of habeas corpus (Doc. 1) is DENIED;

3. The Court concludes that there is no basis for the issuance of a Certificate of Appealability.

> s/ William J. Nealon
> United States District Judge

9